IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **KENNETH JACKSON,** § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:07-CV-315-A |
| § | |
| **NATHANIEL QUARTERMAN, Director,**[1] § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a purported petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.[2]

---

[1] Jackson designates Gary L. Johnson as Respondent, however, the correct Respondent is Nathaniel Quarterman, current Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

[2] Jackson's pleading was filed on a form petition for a writ of habeas corpus by a person in state custody, however, his double-jeopardy claim seems more directed toward his federal sentence, which must be raised in a § 2255 motion to vacate, set aside or correct a federal sentence. (Petition at 7.) In any event, the disposition of this action would be the same in either instance; thus, his pleading is treated as a habeas petition pursuant to § 2254 as it is entitled. *See* 28 U.S.C. § 2255 (providing a second or successive § 2255 motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals).

B. PARTIES

Petitioner Kenneth Jackson, TDCJ-ID # 702234, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is incarcerated in Tenessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.  No service has issued on Respondent.

C. FACTUAL AND PROCEDURAL HISTORY

Although vague and indecipherable, Jackson appears to raise a double jeopardy claim relevant to his 1994 state court conviction for aggravated assault with a deadly weapon in Tarrant County, Texas, and/or his 1994 federal conviction and sentence in this court for felon in possession of a firearm.  (Petition at 7.)  *United States v. Jackson*, CM/ECF, Criminal Docket for Case # 4:94-CR-59-Y.[3]  Jackson is serving his state and federal sentences concurrently.  *Id*, docket entry for December 9, 1994.  Jackson has filed a prior federal petition for writ of habeas corpus challenging the same state conviction and sentence, which was dismissed as time-barred on April 24, 1998.  *Jackson v. Johnson*, CM/ECF, Civil Docket for Case # 4:98-CV-337-Y.   He has also filed a prior § 2255 motion to vacate, set aside or correct the sentence in his federal case, which was dismissed with prejudice by the court on February 25, 1998.  *Jackson*, Criminal Docket for Case # 4:98-CV-337-Y, docket entry for February 25, 1998.

D. SUCCESSIVE PETITION

28 U.S.C. § 2244(b) requires dismissal of a second or successive habeas petition unless

---

[3]The court takes judicial notice of the federal and state court records, which it is entitled to do, relevant to Jackson's state and federal convictions and his previous federal petition for writ of habeas corpus.

specified conditions are met. 28 U.S.C. §§ 2244(b)(1)-(2).[4] Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* §§ 2244(b)(3). The fact that an earlier petition was dismissed with prejudice on limitations grounds does not remove the subsequent petition from the second-successive requirements of § 2244(b). *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Anders v. Cockrell*, No. 03:02-CV-2513-N, 2003 WL 102615, at *2 (N.D. Tex. Jan. 8, 2003) (not designated for publication); *Somerville v. Cockrell*, No. 3:02-CV-0380-L, 2002 WL 31441226, at *2 (N.D. Tex. Oct. 29, 2002) (not designated for publication).

From the face of Jackson's pleading, it is apparent that this is a successive petition, and Jackson has not demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). This court is, therefore, without jurisdiction to consider the petition. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). Jackson must first seek an order authorizing this court to consider his claim from the Fifth Circuit Court of Appeals. *See* 28 U.S.C.

---

[4] Specifically, 28 U.S.C. § 2244(b) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless–

    (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§ 2244(b)(3).

## II. RECOMMENDATION

Jackson's petition should be dismissed without prejudice to his right to file a motion for leave to file a successive petition in the United States District Court of Appeals for the Fifth Circuit under 28 U.S.C. §2244(b)(3).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 20, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 20, 2007, to

serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 30, 2007.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE